ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE SELECT COMFORT CORPORATION SECURITIES LITIGATION | ) ) | Master File No. 99-884 (DSD/JMM) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) | |

**ORDER AND FINAL JUDGMENT**

On the 28th day of February, 2003, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 12, 2002 (the "Stipulation of Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Settling Defendant in the Complaint now pending in this Court under the above caption, including the release of the Settling Defendant and the Released Parties, and should be finally approved; (2) whether judgment should be entered dismissing the Complaint with prejudice in favor of the Settling Defendant and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who (i) purchased Select Comfort Corporation ("Select Comfort") common stock issued under and/or traceable to the company's registration statement and prospectus dated December 4, 1998, which was declared effective by the Securities and Exchange Commission ("SEC") on December 3, 1998 and filed in connection with Select Comfort's initial public offering ("IPO"); or (ii) purchased Select

FILED 02-28-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 2-28-03
DEPUTY CLERK ________

Comfort common stock in the open market during the period December 4, 1998 through June 7, 1999, as shown by the records of Select Comfort's transfer agent, at the respective addresses set forth in such records, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal and on the Internet over the BusinessWire news service pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation of Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and the Settling Defendant.

2. Notice of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the of the terms and conditions of the Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, as provided in the Stipulation.

5. Each Plaintiff and each Class Member who did not submit a timely and proper request for exclusion from the Class, and the successors and assigns of any of them, are hereby conclusively deemed to have released the Defendants from, and are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, including "Unknown Claims" (as defined below), demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted directly or indirectly, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by any Representative Plaintiff or Class Member against the Released Parties arising out of, based upon or related to: (i) any of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged in the Action, or (ii) any of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Action in connection with the purchase of Select Comfort common stock (aa) during the period December 3, 1998 through June 7, 1999, or (bb) issued under and/or traceable to Select Comfort's registration statement and prospectus, dated December 4, 1998 which was declared effective by the Securities and Exchange Commission on December 3, 1998 and filed in connection with Select Comfort's initial public offering (the "Settled Claims") against the Settling

Defendant, its past or present officers, directors, subsidiaries, parents, successors and predecessors, agents, employees, attorneys, auditors, accountants, underwriters, insurers, co-insurers, reinsurers, assigns, spouses, heirs and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, heirs, successors in interest or assigns of any Defendant (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. The Settling Defendant and its successors and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by Settling Defendant or its successors and assigns against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Settled Defendants' Claims") against any of the Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. "Unknown Claims" means (i) any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with

and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement, and (ii) any and all Settled Defendant's Claims which Settling Defendant does not know or suspect to exist in its favor, which if known by it might have affected its decision to release all Settled Defendant's Claims. With respect to any and all Settled Claims and Settled Defendant's Claims, the settling parties stipulate and agree that upon the Effective Date, the Plaintiffs and Settling Defendant shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Plaintiffs and Settling Defendant shall expressly, and each Class Member shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code § 1542. The Plaintiffs, Settling Defendant and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims or the Settled Defendant's Claims, but the Plaintiffs and Settling Defendant shall expressly, and each Class Member, on the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever settled and released any and all Settled Claims and Settled Defendant's Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence

in the future, including, but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs and Settling Defendant acknowledge, and the Class Members shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement of which this release is a part.

8. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Settling Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Settling Defendant with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendant;

(b) offered or received against the Settling Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against the Settling Defendant or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the

parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Settling Defendant may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Settling Defendant or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

9. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

10. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11. Plaintiffs' Counsel are hereby awarded 33-1/3% of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $ 414,633.19 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

12. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

13. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: February 28, 2003

THE HONORABLE DAVID S. DOTY
UNITED STATES DISTRICT COURT JUDGE